UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESSICA MARCELA TAVERA HIDALGO,

                        Petitioner,

            -v.-

KENNETH GENALO, *Field Office Director of Enforcement and Removal Operations of New York*; KRISTI NOEM, *Secretary of U.S. Department of Homeland Security*; PAMELA BONDI, *U.S. Attorney General*; TODD LYONS, *Acting Director of Immigration and Customs Enforcement*; U.S. DEPARTMENT OF HOMELAND SECURITY; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

                        Respondents.

26 Civ. 2052 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On March 12, 2026, Petitioner Yessica Marcela Tavera Hidalgo filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Dkt. #1).  On March 12, 2026, Petitioner also filed an emergency motion for a Temporary Restraining Order ("TRO").  (Dkt. #3).  The Court, having examined the petition and the emergency motion in this action, hereby ORDERS that:

(i)    On or before **March 16, 2026**, the Government shall file a letter with the following information:

   a. Petitioner's A-number and current place of detention;

   b. The statutory provision(s) under which Respondents assert the authority to detain Petitioner;

   c. A copy of any final order of removal;

    d. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings; and

    e. An indication of whether this case is distinguishable from previous cases decided by this Court or any other Court in this district. *See, e.g., Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF); *Villarreal Obregon* v. *Francis*, No. 25 Civ. 9465 (KPF).

(ii)    The parties shall appear for a conference regarding the emergency motion on **March 17, 2026**, at **11:00 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  Respondents shall produce Petitioner at this hearing.

(iii)    On or before **March 17, 2026**, at **9:00 a.m.**, the Government may file an opposition to the emergency motion if it so wishes, or it may discuss its opposition at the emergency conference.

(iv)    To preserve the Court's jurisdiction pending a ruling on the petition and the emergency motion, Petitioner shall not be removed from the United States without an order by this Court allowing such removal. *See, e.g., M.K.* v. *Joyce*, No. 25 Civ. 1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed … unless and until the Court orders otherwise." (emphasis omitted)); *Garcia-Izquierdo* v. *Gartner*, No. 4 Civ. 7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) ("Under the All Writs Act, 28 U.S.C. §

1651, the Court may order that a petitioner's deportation be stayed … when a stay is necessary to preserve the Court's jurisdiction of the case.").

(v)    Moreover, to facilitate resolution of the petition, Petitioner shall not be transferred, except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court.  *See Samb* v. *Joyce*, No. 25 Civ. 6373 (DEH) (S.D.N.Y. Aug. 4, 2025) (Dkt. #3 at 2) (collecting cases in support of enjoining transfer of petitioner outside of the New York City area).

SO ORDERED.

Dated:   March 12, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3